UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
PALTRE DESIR, et ano.,

                        Plaintiffs,

                -against-                                06 Civ. 1109 (LAK)

CONCOURSE REHABILITATION & NURSING
CENTER, et ano.,

                        Defendants.
------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/08

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      Defendants object to the report and recommendation of Magistrate Judge Kevin Nathaniel Fox, dated February 28, 2008, which recommended that defendants' motion for summary judgment dismissing the complaint of plaintiff Jean Bonne-Annee be granted to the extent of dismissing his hostile work environment ("HWE") and tortious interference with contract claims and that it be denied in all other respects.

      1.    Defendants' contention that the Magistrate Judge erred in declining to recommend dismissal of plaintiff's discriminatory termination claim rests on the assertion that there is insufficient evidence of discriminatory animus. But plaintiff testified that Ms. Perez asked him where he was from and, upon being told that he was from Haiti, said that she "did not like to work with you people." At least at this stage, I must assume that a jury would be entitled to believe plaintiff's testimony on this point. And while there may be other evidence that would undermine its significance, even assuming the statement was made, that is a matter for the jury. Accordingly, defendants are not entitled to dismissal of the discriminatory termination claim.

      2.    Defendants next argue that the Magistrate Judge erred in declining to recommend dismissal of the Title VII claims of race (as opposed to national origin) based HWE and discriminatory termination for lack of administrative exhaustion. Insofar as this argument is directed to the HWE claim, there is no need to address to point in view of the uncontested recommendation that the HWE claim be dismissed on another ground. Insofar as it is directed to the raced-based termination claim, the argument is without merit because the claim is reasonably related to that asserted in the administrative charge. *See Ximines v. George Wingate High School*, 516 F.3d 156 (2d

Cir. 2008).

3. Defendants claim that the Magistrate Judge should have recommended dismissal of any claim for punitive damages with respect to the sixth and seventh causes of action, which are based upon the New York State Human Rights Law ("NYSHRL"). The Magistrate Judge did not address this point, doubtless because the complaint asserts claims under both the NYSHRL and the New York City Human Rights Law ("NYCHRL"), the standards of liability under the two statutes are identical or nearly so, and the latter quite plainly allows punitive damage awards, 8 N.Y.C. AD. C. § 8-502(a). Accordingly, the question whether such damages are available under the state statute is purely academic in a case such as this. I, like Judge Fox, decline to waste additional ink, paper and time on the point.

4. Defendants make a similar claim with respect to the availability of attorneys' fees, and it is susceptible of the same response. N.Y.C. AD. C. § 8-502(f) specifically permits awards of attorneys' fees to prevailing parties in cases such as this.

5. Finally, defendants argue that the Magistrate Judge should have dismissed on the ground that plaintiff, subsequent to his alleged termination by defendants, resigned from comparable employment and therefore failed, as a matter of law, to mitigate his damages. While it may well be that this will result in a partial defense at trial, there certainly is no basis for dismissal on this record.

Accordingly, the objections are overruled. Defendants' motion for summary judgment dismissing the complaint of plaintiff Jean Bonne-Annee is granted to the extent of dismissing his hostile work environment and tortious interference with contract claims and that it be denied in all other respects.

SO ORDERED.

Dated: March 21, 2008

Lewis A. Kaplan
United States District Judge

Copies mailed 3/21/08
Chambers of Judge Kaplan